IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAMBREH JONES, | * | |
| Petitioner, | * | Criminal Action No. RDB-11-00083 |
| v. | * | Civil Action No. RDB-13-3344 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**<u>MEMORANDUM OPINION</u>**

On August 1, 2011, Petitioner Kambreh Jones ("Petitioner") pled guilty to conspiracy to possess with the intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846.  Hr'g Tr., Aug. 1, 2011, ECF No. 52-2; Plea Agreement, ECF No. 24.  After sentencing, Petitioner filed a *pro se* Motion to Withdraw Mr. Welch as his Attorney (ECF No. 46) and a *pro se* Motion for an Extension of Time to File a Supplemental Brief (ECF No. 47)[1] in his appeal to the United States Court of Appeals for the Fourth Circuit.  On November 8, 2013, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 50) pursuant to 28 U.S.C. § 2255.  This Court has reviewed the parties' submissions, and finds no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, Petitioner Kambreh Jones' Motion to Withdraw Mr. Welch as his Attorney (ECF No. 46) is GRANTED, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 50) pursuant to 28 U.S.C. § 2255 is DENIED.

---

[1] Petitioner's Motion for an Extension of Time to File a Supplemental Brief (ECF No. 47) is moot because the Fourth Circuit has already dismissed Petitioner's appeal.  Moreover, this Court does not have jurisdiction to extend the Fourth Circuit's deadlines.  Accordingly, Petitioner's motion is DENIED AS MOOT.

## BACKGROUND

The Drug Enforcement Administration ("DEA") obtained information from both a confidential source and a wiretap based in Yuma, Arizona, that Petitioner was speaking with a source of supply for heroin, known as "Phoenix." *See* Hr'g Tr., Aug. 1, 2011, ECF No. 52-2. On those interceptions, Petitioner was heard arranging for the delivery of packages of heroin from Phoenix to fictitious names, with Petitioner being the ultimate recipient. *Id.* Four separate packages were intercepted in 2010, and after DEA agents attempted to make a controlled delivery for one of the packages, they witnessed Petitioner waiting for the package. *Id.* The four packages contained a total weight of 1,178 grams of heroin. *Id.* Later, DEA agents obtained information from the Yuma wiretap that couriers from Yuma would be coming with heroin to deliver to Petitioner's agent. *Id.* DEA agents tracked the couriers from Arizona to Maryland and observed Petitioner's agent go to the courier's motel room and leave a short time later with a black object, which was later determined to contain 200 grams of heroin. *Id.* After further investigation, it was determined that Petitioner's agent was regularly picking up three kilograms of heroin per month for about six months on Petitioner's behalf. *Id.* In Petitioner's Plea Agreement, it was stipulated that Petitioner conspired with other co-conspirators to distribute more than ten kilograms but less than 30 kilograms of heroin. Plea Agreement, ECF No. 24.

On August 1, 2011, Petitioner Kambreh Jones ("Petitioner") pled guilty to conspiracy to possess with the intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846. Hr'g Tr., Aug. 1, 2011, ECF No. 52-2; Plea Agreement, ECF No. 24. The plea agreement stipulated that the applicable base offense level was 36 to account for

more than ten (10), but less than thirty (30) kilograms of heroin.  Plea Agreement, ECF No.

24.  Prior to sentencing, Petitioner filed a Motion to Withdraw William Lawrence Welch as

his Attorney (ECF No. 32) and a Motion to Withdraw his Guilty Plea (ECF No. 34).  At

Petitioner's sentencing hearing on October 27, 2011, this Court denied both of Petitioner's

motions.  With respect to Petitioner's Motion to Withdraw William Lawrence Welch as his

Attorney (ECF No. 32), this Court cited to *United States v. Burns*, 990 F.2d 1426 (4th Cir.

1993) and explained that the fact that a defendant and his attorney are not getting along is

insufficient to require the appointment of substitute counsel.  Hr'g Tr., Oct. 27, 2011, ECF

No. 44.  As for Petitioner's Motion to Withdraw his Guilty Plea (ECF No. 34), this Court

denied the motion after considering the six factors in *United States v. Faris*, 388 F.3d 452, 456

(4th Cir. 2004) and determining that the factors weighed against granting Petitioner's

motion.[2]  This Court sentenced Petitioner to a one-hundred and eighty (180) month term of

imprisonment and a thirty seven (37) month term to be served concurrently for Petitioner's

violation of supervised release,[3] which was ordered in a separate case.  After sentencing,

Petitioner filed a *pro se* Motion to Withdraw Mr. Welch as his Attorney (ECF No. 46) and a

*pro se* Motion for an Extension of Time to File a Supplemental Brief (ECF No. 47) in his

appeal to the United States Court of Appeals for the Fourth Circuit.  On August 14, 2012,

the Fourth Circuit affirmed Petitioner's conviction and dismissed the appeal of his sentence.

*See United States v. Jones*, 474 F. App'x 927, 2012 WL 3291715 (4th Cir. Aug. 14, 2012).  On

---

[2] The six factors include (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.  *United States v. Faris*, 388 F.3d 452, 456 (4th Cir. 2004) (internal citations omitted).
[3] Petitioner violated the period of supervised release ordered in the case of *United States v. Jones*, Criminal Action No. MJG-98-0359 (D. Md.).

November 8, 2013, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 50) pursuant to 28 U.S.C. § 2255.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first prong, the "performance" prong, requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second prong, the "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden of proving prejudice placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986). Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.'" *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)). Furthermore, when a defendant alleges ineffective assistance after a guilty plea has been entered, the burden of proving the second prong of prejudice becomes even greater. In *Hooper v. Garraghty*, 845 F.2d 471 (4th Cir. 1988), the Fourth Circuit explained: "Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d at 475 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

In his Motion to Vacate, Petitioner alleges he was denied his Sixth Amendment right to effective assistance of counsel because his attorney materially misinformed him when

advising him to plead guilty.[4]  With respect to this claim, Petitioner has failed to satisfy either

prong of the *Strickland* test.

Under *Strickland*, the Petitioner must first show that defense counsel's representation

was deficient and fell below an "objective standard of reasonableness."  466 U.S. at 688.

The Court applies a strong presumption that counsel's actions fell within the "wide range of

reasonable professional assistance."  *Id.* at 689.  Here, Petitioner argues that he received

ineffective assistance of counsel because his attorney allegedly told him that that his base

offense level would be 36 regardless of whether he pled guilty to one kilogram of heroin or

ten.  Pet'rs Mot. to Vacate, ECF No. 50.  However, at sentencing, Petitioner's Counsel stated

that he advised Petitioner that contesting the drug quantity at trial would likely lead to a loss

of a downward adjustment to Petitioner's base offense level under Chapter Three of the

United States Sentencing Guidelines, which Petitioner would have been entitled to under the

plea agreement.[5]  Hr'g Tr., Oct. 27, 2011, ECF No. 44.  Therefore, Petitioner's statement

that he was materially misled is directly contradicted by his Counsel's testimony at

sentencing.

Petitioner's ineffective assistance of counsel claim is also undermined by his

assurances to this Court under oath.  "Absent clear and convincing evidence to the contrary,

---

[4] Petitioner also makes an argument that his plea was obtained in violation of the Due Process Clause because his plea was "not a knowing and intelligent plea."  Pet'rs Reply to Resp. to Mot. to Vacate, ECF No. 53.  However, Petitioner's arguments indicate that it is not a Due Process Claim, but rather an ineffective assistance of counsel claim. Additionally, because Petitioner raises the due process argument in his reply brief, such an argument is forfeited.  *Cf. A Helping Hand, LLC v. Baltimore Cnty.*, 515 F.3d 356, 369 (4th Cir. 2008) (internal citations and quotation marks omitted) (stating that the court could not hear arguments first raised in a reply brief unless it determined that a "miscarriage of justice" would likely result).

[5] Specifically, Petitioner's attorney stated, "And I will, in all candor to the court, let your honor know that from the very beginning of the representation Mr. Jones has always maintained that he had an issue with the amount of heroin that was involved, and my advice to him on that point was that while we could go to trial and try to litigate just that issue in order to perhaps get a savings under chapter two of the guidelines, we would lose any acceptance under chapter three."  Hr'g Tr., Oct. 27, 2011, ECF No. 44.

a defendant is bound by the representations he makes under oath during a plea colloquy."
*Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).  At his rearraignment
hearing, Petitioner represented to this Court that he was fully satisfied with the
representation of his attorney and that he discussed with his attorney the merits of a
potential trial.[6] *See* Hr'g Tr., Aug. 1, 2011, ECF No. 52-2.  Petitioner acknowledged to this
Court that he had read the Plea Agreement, discussed the terms of the agreement with his
counsel, and understood the consequences of the agreement.  *Id.*  Petitioner also replied
affirmatively when asked whether the Government, which specifically mentioned the drug
amount stipulated to in the Plea Agreement, had accurately summarized the facts of the case.
*Id.*  Based on Petitioner's representations to this Court that he was satisfied with Counsel's
representation, and in the absence of any evidence to the contrary, Petitioner has failed to
demonstrate that his Counsel was deficient under the first prong of the *Strickland* analysis.

Petitioner also cites to several cases to show that his Counsel was deficient.
However, these cases are inapposite.  For example, Petitioner cites to *United States v. Lewis*,
477 F. App'x 79 (4th Cir. 2012), where the defendant was charged with conspiracy to
distribute over five grams of cocaine base.  *Id.* at 80.  Defendant's counsel erroneously
advised him that if convicted at trial, he would be subject to a mandatory life sentence,
whereas defendant was actually facing a life sentence at trial, but not a mandatory one.  *Id.* at
82–83.  The court vacated the defendant's guilty plea.  *Id.* at 84.  The court reasoned that
Counsel's performance was deficient because Counsel "gave legal advice predicated on a

[6] When this Court asked Petitioner, "Are you fully satisfied with Mr. Welch and his representation and the advice which
he's given you?," Petitioner responded, "Yes…he gave me both alternatives."  Hr'g Tr., Aug. 1, 2011, ECF No. 52-2.
Additionally, when Petitioner was asked, "Is there anything you have asked [Counsel] to do which he's not done?," he
responded, "No."  *Id.*

plainly false interpretation of federal law." *Id.* at 82.

Here, unlike the Counsel in *Lewis*, Petitioner's Counsel properly advised him that although he could litigate the issue of drug quantity at trial, Petitioner would lose any downward adjustment to his base offense level for acceptance of responsibility pursuant to chapter three of the sentencing guidelines.[7]  Hr'g Tr., Oct. 27, 2011, ECF No. 44.  The other cases Petitioner cites to are likewise distinguishable.  *See Hammond v. United States*, 528 F.2d 15, 17 (4th Cir. 1975) (counsel erroneously advised defendant that he was facing a maximum sentence of 90-95 years when the maximum sentence was 55 years); *Padilla v. Kentucky*, 559 U.S. 356, 368 (2010) (counsel provided defendant false assurance that by entering into a guilty plea, he would not be eligible for deportation).  Here, Petitioner was made aware of the consequences of the plea agreement and knew that if he were to proceed to trial, he would be facing a maximum sentence of life imprisonment.  Hr'g Tr., Aug. 1, 2011, ECF No. 52-2.  Petitioner cites to no authority nor alleges any facts to show that his Counsel's performance fell outside the "wide range of reasonable professional assistance." Accordingly, Petitioner's claim fails under the first prong of the *Strickland* test.

Petitioner's claim is also insufficient to demonstrate prejudice under the second prong of *Strickland*.  A defendant who has entered a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d at 475 (quoting *Lockhart*, 474 U.S. at 59).  In the instant case, Petitioner made a strategic decision not to proceed to trial.  Had Petitioner proceeded to trial, the Government contends that it may have sought a longer

---

[7] Pursuant to the United States Sentencing Guidelines Manual § 3E1.1, a defendant's base offense level may be reduced by 2 levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."

sentence for Petitioner's leadership role in the offense.  Hr'g Tr., Oct. 27, 2011, ECF No. 44.

Moreover, Petitioner would have likely lost any downward adjustment to his base offense

level for acceptance of responsibility that he received under the Plea Agreement.  Petitioner

also has not maintained his innocence to this court, which further undermines his argument

that he would have opted for trial instead of entering into a plea agreement.

Correspondence from Def. Kambreh Jones (ECF No. 27); *see Cullen v. United States*, 194 F.3d

401, 407 (2nd Cir. 1999) (stating that "innocence is a factor relevant to any conclusion as to

whether [the defendant] has shown a reasonable probability that he would have pled guilty").

Therefore, even if Petitioner's Counsel misinformed him, Petitioner cannot show that but

for the alleged error, there is a "reasonable probability" he would have proceeded to trial.

Petitioner also fails to demonstrate prejudice because a proper Rule 11 Plea Colloquy

can correct erroneous advice provided by Counsel.  *See United States v. Foster*, 68 F.3d 86, 88

(4th Cir. 1995)(stating that "any misinformation [Defendant] may have received from his

attorney was corrected by the trial court at the Rule 11 hearing").  At Petitioner's

rearraignment hearing, this Court advised Petitioner that under the Plea Agreement, his base

offense level would be 33, and that if Petitioner were to proceed to trial, he would face a

minimum sentence of ten years and a maximum sentence of life imprisonment.  Hr'g Tr.,

Aug. 1, 2011, ECF No. 52-2.  The Court also advised Petitioner that the anticipated range

under the Plea Agreement would be between 168 and 210 months, and that if the Court

sentenced him to a term longer than 210 months, Petitioner would have the opportunity to

withdraw his plea.  *Id.*  The presentence report ultimately found that the appropriate range

was between 168 and 210 months, and Petitioner was sentenced within that range.  *Id.*; Hr'g

Tr., Oct. 27, 2011, ECF No. 44.  Accordingly, any errors Counsel made in advising Petitioner were corrected by the Rule 11 Plea Colloquy, and Petitioner has therefore failed to demonstrate that he was prejudiced by counsel's allegedly defective guidance.

Ultimately, Petitioner's argument fails under both prongs of the *Strickland* test.  The actions of Petitioner's Counsel did not fall outside the "wide range of reasonable professional assistance" nor can Petitioner show he was prejudiced by Counsel's alleged innacurate statements.

## **CONCLUSION**

For the foregoing reasons, Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 50)  pursuant to 28 U.S.C. § 2255 is DENIED.   Additionally, Petitioner's *pro se* Motion to Withdraw Mr. Welch as his Attorney (ECF No. 46) is GRANTED, and Petitioner's *pro se* Motion for an Extension of Time to File a Supplemental Brief (ECF No. 47) in his appeal to the United States Court of Appeals for the Fourth Circuit is DENIED AS MOOT.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.   *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional

claims debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

    A separate Order follows.

Dated:  October 20, 2014


                                                    _____/s/_____
                                                    Richard D. Bennett
                                                    United States District Judge