IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            *

v.                                  *     Criminal No. RDB-11-083

KAMBREH JONES,                      *

Defendant.                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

On August 1, 2011, Defendant Kambreh Jones ("Defendant" or "Jones") pled guilty to one count of possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (Arraignment, ECF No. 15.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that the appropriate sentence was in the range of 168-210 months. (Plea Agreement, ECF No. 24.) Jones then moved to withdraw his guilty plea. (ECF No. 34.) This Court denied that motion, and on October 27, 2011, this Court sentenced Jones to 180 months' imprisonment and five years of supervised release. (Judgment, ECF No. 37.) At the time of his arrest, the Defendant was on supervised release from a previous drug conviction in this Court, *see United States v. Kambreh Jones*, Criminal No. MJG-98-0359. Therefore this Court also sentenced him for violation of that supervised release with a 37-month term of imprisonment to run concurrently with the 180-month sentence. (ECF No. 37.) On September 14, 2016, this Court reduced Jones' sentence by 45 months

from the original 180 months to 135 months. (ECF No. 67.)[1] Jones is currently housed at FMC-Devens, and his presumptive release date is September 7, 2021. (Ex. 4, ECF No. 78-3.)

Now pending is Jones' *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) (ECF No. 69), in which he seeks his immediate release from FMC-Devens.[2] In his Motion, Jones requests that he be released to home confinement due to the COVID-19 pandemic, or in the alternative, that this Court recommend to the Federal Bureau of Prisons ("BOP") that he be permitted to serve the remainder of his sentence on home confinement. (ECF No. 69.) Jones has failed to present "extraordinary and compelling" reasons for his release because he has failed to identify, or present evidence of, any medical conditions which would make him particularly vulnerable to COVID-19. For this reason, and the reasons stated herein, Jones' Motion for Compassionate Release (ECF No. 69) is DENIED.

## BACKGROUND

On February 16, 2011, Jones was indicted in a one count sealed Indictment for conspiracy to distribute one kilogram or more of heroin. (ECF No. 1.) He was arrested on April 11, 2011, and detained by agreement. (ECF No. 12.) At the time of his arrest, Jones was on supervised release from a previous drug conviction. *See United States v. Kambreh Jones*, Criminal No. MJG-98-0359. On June 28, 2011, the Grand Jury superseded the Indictment and added a charge of possession with intent to distribute cocaine based upon Jones' state arrest for cocaine possession and distribution. (ECF No. 20.)

---

[1] This reduction was based on changes in the U.S. Sentencing Guidelines. (*See* ECF Nos. 61, 63.)
[2] The Office of the Federal Public Defender filed correspondence indicating that it would not supplement Jones' Motion. (ECF No. 71.)

On August 1, 2011, Jones pled guilty to Count 1 of the Superseding Indictment, conspiracy to possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (ECF Nos. 23, 24.) Jones agreed that he had conspired to possess and distribute at least 10 kilograms of heroin but not more than 30 kilograms of heroin. (ECF No. 24.) Specifically, he agreed he was conspiring to bring kilogram quantities of heroin from Arizona to Maryland for distribution. (*Id.*) His conspiratorial conversations were captured on a wiretap in Yuma, Arizona, and the drug deliveries were charted in Maryland. (*Id.*) The Government and Jones stipulated that Jones fell into a criminal history category of III. (*Id.*) The parties stipulated pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the appropriate sentence was in the range of 168-210 months. (*Id.*) On October 18, 2011, Jones moved to withdraw his guilty plea (ECF No. 34), but this Court denied the motion.

On October 27, 2011, this Court sentenced Jones to 180 months' imprisonment and five years of supervised release. (ECF No. 37.) This Court also sentenced Jones for the violation of supervised release in Criminal No. 98-0359 to a 37-month term of imprisonment to run concurrently with the 180-month sentence. (*Id.*) Jones appealed. (ECF No. 39.) The U.S. Court of Appeals for the Fourth Circuit affirmed the conviction and dismissed the appeal based upon the appellate waiver in the plea agreement. *See United States v. Kambreh Jones*, 417 Fed. Appx 927, 2012 WL 3291715 (4th Cir. 2012).

On November 8, 2013, Jones filed a Motion to Vacate his sentence pursuant to 18 U.S.C. § 2255. (ECF No. 50.) On October 20, 2014, this Court denied the motion as well as the certificate of appealability. (ECF No. 54.) Jones appealed, but the Fourth Circuit also denied a certificate of appealability. (ECF Nos. 56, 59.) On August 3, 2015, Jones again

3

sought post-conviction relief, filing a Motion to Reduce Sentence due to a change in the U.S. Sentencing Guidelines for drug offenses.  (ECF Nos. 61, 63.)  The government agreed that the sentence should be reduced.  (ECF No. 65.)  On September 14, 2016, this Court reduced Jones' sentence on Count 1 by 45 months or 25% from the original 180 months to 135 months.  (ECF No. 67.)

Now pending is Jones' *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) (ECF No. 69), in which he seeks his immediate release to home confinement due to the COVID-19 pandemic, or in the alternative, that this Court recommend to the BOP that he should be allowed to serve the remainder of his sentence on home confinement.  Jones is currently housed at FMC-Devens, and his presumptive release date is September 7, 2021.  (Ex. 4, ECF No. 73-3.)  Jones filed his current motion on June 10, 2020.  (ECF No. 69.)

The Government obtained Jones's last year of medical records from the BOP.  (Ex. 3, ECF No. 75 *SEALED*).  The records show that Jones is a generally healthy 44 year-old with no chronic health conditions which would increase his susceptibility to COVID-19.  The Government also obtained Jones' Disciplinary Records from the BOP.  (Ex. 5, ECF No. 73-4.)  These records show that Jones has twice been charged with illegally possessing a cell phone in prison—once in May 2017, and again in January 2020. (*Id.*)  On October 26, 2018, Defendant was expelled from a drug treatment program, and a few days later, he was disciplined for smoking in an unauthorized area.  (*Id.*; ECF No. 69-2 at 4.)  On November 9, 2018, a hearing was held to address multiple charges against Jones, including possession of alcohol and marijuana and refusing to obey an order.  (*Id.*)

## ANALYSIS

**A. The Defendant is not eligible for compassionate release.**

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the BOP with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

Jones filed a request for release to home confinement with the Warden of his facility, FMC-Devens. (Ex. 1, ECF No. 73-1.) His request was denied on July 26, 2020. (Ex. 2, ECF No. 73-2.) Thirty days have elapsed since that request was submitted. Accordingly, this Court has jurisdiction over Jones' Motion. Therefore, this Court will consider whether there are extraordinary and compelling circumstances which warrant a reduction in Jones' sentence.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under

§ 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Sentencing Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the BOP's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his Motion, Jones claims that the extraordinary and compelling circumstances in this case are the COVID-19 pandemic and his inability to properly socially distance himself from others and protect himself from the virus. (ECF No. 69.) Jones has not alleged that he suffers from any medical conditions that render him exceptionally vulnerable to the COVID-19 virus. In *United States v. Hiller*, No. ELH-18-0389, 2020 WL 2041673, at *4 (Apr. 28, 2020), a

6

defendant over the age of 65 sought compassionate release seeking release on the basis of the potential harm that might befall him if he were infected with the coronavirus. Judge Hollander of this Court held there were no extraordinary and compelling circumstances, stating that "'if that were enough, every non-violent prisoner over the age of 65 could seek to have his sentence immediately suspended and ordered release.'" *Id.* "Simply put, the coronavirus is not tantamount to a get out of jail free card.'" *Id.* (quoting *United States v. Williams*, PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020) (internal quotations omitted)). In this case, Jones has not alleged a single condition, not even his age, which would put him at increased risk of suffering from a severe case of COVID-19. He is in the same position as all other incarcerated individuals, who are unfortunately less able to engage in social distancing practices as a result of their confinement. That fact alone is insufficient to justify this Court's invocation of compassionate release. There are no extraordinary and compelling reasons to reduce his sentence.

**B. This Court will not recommend that the BOP alter the Defendant's place of confinement.**

This Court will not recommend that the BOP alter Jones' place of confinement. In 2016 this Court granted Jones' previous motion for a reduction in his sentence from 180 months to 135 months—a reduction of 45 months or 25% of the original sentence, pursuant to changes in drug sentencing guidelines. (ECF Nos. 67, 68.) Since that reduction in 2016, Jones' disciplinary shows four infractions including possession of marijuana, refusing to obey an order, smoking in unauthorized areas, and possession of a cellphone. (Ex. 5, ECF No. 73-4.) These infractions occurred at approximately the same time Jones was expelled from the drug treatment program in which he was enrolled. (ECF No. 69-2.) In light of these

7

infractions that occurred in the wake of this Court's reduction in Jones' sentence, this Court is not persuaded that Jones has earned a judicial recommendation to the BOP for early release to home confinement. The BOP can for itself determine how and where Jones should complete the final portion of his sentence, taking into account his prison disciplinary record, the evolving conditions of the pandemic, and available home confinement options.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 4th day of January, 2021, that Defendant Jones' Motion for Compassionate Release (ECF No. 69) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge